IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PREMCOR REFINING GROUP INC. and VALERO ENERGY CORPORATION <br><br>Plaintiffs, <br><br>vs. <br><br>AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY and MARYLAND CASUALTY COMPANY <br><br>Defendants. | CIVIL ACTION NO. 07-375 <br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiffs The Premcor Refining Group Inc. and Valero Energy Corporation for their Amended Complaint against Defendants American Guarantee & Liability Insurance Company and Maryland Casualty Company allege as follows:

### PARTIES

1. Plaintiff The Premcor Refining Group Inc. ("Premcor") is a Delaware corporation that has its principal place of business in Texas. Premcor owns and operates a refinery located in Delaware City, Delaware ("Delaware City Refinery").

2. Plaintiff Valero Energy Corporation ("Valero") is a Delaware corporation that has its principal place of business in Texas.

3. Premcor is an indirect subsidiary of Valero.

4. Defendant American Guarantee & Liability Insurance Company ("AGLIC") is a New York corporation that has its principal place of business in Illinois.

5. Defendant Maryland Casualty Company ("Maryland Casualty") is a Maryland corporation that has its principal place of business in Maryland.

## JURISDICTION AND VENUE

6. There is complete diversity between Plaintiffs and Defendants and the amount in controversy between the parties is greater than $75,000.

7. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

8. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

## FACTS

9. In the Fall of 2005, a "turnaround" was conducted at the Delaware City Refinery, at which time various maintenance activities took place (hereinafter, "Fall 2005 Turnaround").

10. Plaintiffs entered into a contract with non-party Pro-Tech Engineering, Inc. ("Pro-Tech") under which Pro-Tech provided certain contractor services at the Delaware City Refinery, including services during the Fall 2005 Turnaround (the "Pro-Tech Contract").

11. On or about November 5, 2005, John Lattanzi and John Jerry Ferguson, employees of a contractor of Premcor, were asphyxiated at the Delaware City Refinery while performing contractor services relating to the Fall 2005 Turnaround.

12. Survivors of Lattanzi and Ferguson and representatives of their estates filed civil actions against Plaintiffs in the United States District Court for the Eastern District of Pennsylvania. Specifically, Kenneth L. Ferguson, Administrator of the Estate of John Jerry Ferguson, Jr., and John J. Ferguson, Sr. filed an action against defendants Premcor and Valero in

the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 06-540. Ann Marie Vitanza, individually, and as Executrix of the Estate of John A. Lattanzi, and Christine Brockett, filed a complaint against Premcor and Valero in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 06-764.

13. Both lawsuits were consolidated (collectively, the "Underlying Actions"). The lawsuits allege claims under Delaware law for wrongful death, among other claims, and resulting damages, both compensatory and punitive.

## INSURANCE ALLEGATIONS

### The AGLIC Policy

14. For the period May 1, 2005 to May 1, 2006, AGLIC issued to Valero a Commercial Umbrella Liability Policy, policy number AUC 291 2449 05 (the "AGLIC Umbrella Policy"), which policy provided insurance protection to Valero and Premcor.

15. Plaintiffs provided notice to AGLIC for potential defense and/or indemnification coverage under the AGLIC Umbrella Policy. AGLIC, however, denied coverage for the Underlying Actions and also reserved its rights to deny coverage on additional grounds, citing certain provisions and exclusions. Plaintiffs disagree with AGLIC's analysis of the terms and conditions of the AGLIC Umbrella Policy and of applicable law.

### The Maryland Casualty Policy

16. Maryland Casualty issued to Pro-Tech a Precision Portfolio Policy, policy number PPS 38528528 (the "Maryland Casualty Policy"), which policy included commercial general liability coverage and was in effect at the time of the fatalities at issue. Maryland

Casualty is defending Pro-Tech under the Maryland Casualty policy for claims made against Pro-Tech relating to the fatalities.

17. The Maryland Casualty Policy defines an insured to include any person or organization to whom Pro-Tech is obligated under contract to provide insurance coverage in circumstances applicable here.

18. Under the Pro-Tech Contract, Pro-Tech agreed to maintain, inter alia, liability insurance naming Premcor and, inter alia, its partners, affiliates, parents and subsidiaries and related entities as additional insureds under the Maryland Casualty Policy.

19. Premcor and Valero are insureds under the Maryland Casualty Policy.

20. Since commencement of the Underlying Actions, Premcor and Valero have made multiple demands for defense and indemnification on Maryland Casualty under the Maryland Casualty Policy. These demands were ignored, with the exception of a cavalier statement in a one page letter of March 27, 2006 that Premcor and Valero are not additional insureds. See Exhibit 1.

21. In immediate response to that assertion, Premcor and Valero demanded a copy of the Maryland Casualty Policy on March 29, 2006. See Exhibit 2. Notwithstanding that request and many more, Maryland Casualty refused to provide the Maryland Casualty Policy to their insureds Premcor and Valero until more than a year later, on June 20, 2007. Maryland Casualty consistently took the position that Premcor and Valero were not even entitled to look at the policy, even though they were contending they were insureds under the Maryland Casualty Policy.

22.     In response to the many demands for coverage under the Maryland Casualty Policy while Premcor and Valero awaited receipt of the policy, Maryland Casualty simply stated without any appreciable support or analysis that Premcor and Valero are not insureds. See Exhibit 1.

23.     Over one year later, on June 20, 2007, only after persistent efforts of Plaintiffs, which included the deposition of Pro-Tech's insurance broker, and on the eve of a June 25, 2007 mediation of the Underlying Actions, Maryland Casualty finally released to its insureds Premcor and Valero a copy of the Maryland Casualty Policy. It is now obvious why Maryland Casualty did not timely provide the policy to its insureds: The policy establishes that Plaintiffs are clearly insureds and entitled to coverage under the Maryland Casualty Policy.

24.     The day after receipt of the Maryland Casualty Policy on June 21, 2007, Plaintiffs demanded coverage and protection under the policy again under the following clearly applicable provision of the policy that defines who is an insured:

> 2. Each of the following is also an insured:
>
> ***
>
> e. Any person or organization with whom you agree, because of a written contract, to provide insurance such as is afforded under this policy, but only with respect to liability arising out of your operations, "your work" or facilities owned or used by you....

25.     Plaintiffs also demanded several times that Maryland Casualty attend and participate in the scheduled June 25 and 26 mediation of the Underlying Actions. Maryland Casualty refused to do so on behalf of Premcor and Valero. This was not the first time it had ignored a mediation. Premcor and Valero also demanded that Maryland Casualty attend the first mediation scheduled for February. Maryland Casualty refused to do so.

26. On June 22, 2007, Maryland Casualty again denied any responsibility to protect Plaintiffs and refused to attend the mediation on behalf of Plaintiffs. This time, it offered this as the totality of its reasoning:

> I respectfully disagree that Section II, Paragraph 2.e. affords coverage to Valero and/or Premcor. This section requires that the liability arise out of Pro Tech's work or Pro Tech's operations. The liability of Premcor and/or Valero for this loss does not arise out of Pro Tech's operations or Pro Tech's work.
>
> To clarify Jeff Marlin will attend the mediation and I will participate by phone.

June 22, 2007 e-mail, attached as Exhibit 3. Jeff Marlin was counsel hired by Maryland Casualty to protect Pro-Tech. Mr. Marlin was the adjuster for the claim against Pro-Tech. Neither was interested in protecting the interests of the Premcor and Valero insureds.

27. On June 22, 2007 Premcor and Valero then immediately informed Mr. Wilmer's supervisor, Erika Martinez, of the baseless nature of Maryland Casualty's position and reiterated their demand that Maryland Casualty protect its insureds' interests, stating as follows, in pertinent part:

> You need to understand that Mr. Marlin represents Pro-Tech only and not Zurich on its coverage issues with either Pro-Tech or my clients Valero and Premcor.
>
> More important than that, you need to recognize that this matter does arise to some degree out of Pro-Tech's operations. The Pro-Tech section of our mediation submission clearly establishes this. For your convenience, I reiterate that section below. I have heard that perhaps you don't think there is much "danger" in those allegations against Pro-Tech and therefore, unlike other responsible parties and carriers, you will stay in your office for this mediation. Even if you are so misinformed, the issue is not the strength of Premcor's and Valero's claim against Pro-Tech; the issue is whether Premcor and Valero are additional insureds under the policy.

All that is required for Premcor and Valero to have the full $10 million available to it under the Maryland Casualty policy is that the fatalities at issue "aris[e] out of Pro-Tech's operations, Pro-Tech's 'work' or facilities owned or used by Pro-Tech." SECTION II--WHO IS AN INSURED, 2.e. Courts construe "arising out of" language broadly. See Acceptance Ins. Co. v. Syufy Enter., 81 Cal. Rptr. 2d 557, 561 (Cal. App. 4th 1999) ("It is settled that this ["arising out of"] language does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability, and CONNOTES ONLY A MINIMAL CAUSAL CONNECTION OR INCIDENTAL RELATIONSHIP.")(emphasis added); see also McIntosh v. Scottsdale Ins. Co., 992 F.2d 251, 254 (10th Cir. 1993) ("At best, the phrase 'but only with respect to liability arising out of [Festival's] operations' is ambiguous as to whose negligence is covered and whose negligence is excluded from coverage. Because this ambiguous language purports to limit coverage, we must construe it narrowly."); Merchants Ins. Co. of New Hampshire, Inc. v. U.S. Fid. And Guaranty Co., 143 F.3d 5 (1st Cir. 1998); Cincinnati Ins. Co. v. Dawes Rigging & Crane Rental, Inc., 321 F. Sup. 2d 975 (C.D. Ill. 2004). This "minimal causal connection" or "incidental relationship" is undeniably satisfied. As you can read from our mediation submission, it is not the case that Pro-Tech's operations had nothing to do with these fatalities. You are completely discounting every possible involvement of Pro-Tech in these fatalities so that you or one of your colleagues will not have to get on a plane and fly out here to adequately represent your insureds. That is misconduct undertaken in bad faith.

As I'm sure you know, Pro-Tech contracted with Premcor to work at its facility. Pro-Tech was required to obtain a policy of at least $10 million that would insure Pro-Tech and Premcor (and affiliated companies such as Valero). Now that you finally gave us the policy at our continued insistence, your next avoidance strategy is to ignore the commercial reality and the clear language of the policy and the contract between Pro-Tech and Premcor. You are favoring one insured over two others, with the clear intent of harming Premcor and Valero so that your company can save some money.

Please let us know how you can possibly justify keeping Premcor and Valero in the dark for so long regarding these policy interpretations. If you have counsel advising you, I'm sure he or she will inform you that you have waived whatever arguments you may have had by failing to thoroughly respond in a timely manner

> to your insureds' demands, the first of which you received well more than a year ago. You did respond to one of your insureds by way of your lengthy letter to Pro-Tech of February 14, 2007, but consistent with your approach to Premcor and Valero, you gave us virtually nothing but a statement that my clients aren't additional insureds. It's too late for you to be raising these completely frivolous assertions.
>
> \* \* \*
>
> Please reconsider your cavalier approach to this extraordinarily serious matter. We demand and expect to see one of your colleagues with full settlement authority in person at the mediation acting on behalf of your company's insureds Premcor and Valero.

With this communication, Premcor and Valero provided a description of Pro-Tech's involvement in the fatalities that established that Maryland Casualty's new and unsupportable defense that the fatalities did not in some way arise from Pro-Tech's work was wrong, waived and asserted in bad faith.

28. Maryland Casualty's only response was to inform Premcor and Valero that Maryland Casualty was hiring coverage counsel. Maryland Casualty did not represent any of its insureds, including Pro-Tech, in person at the mediation, and it did not represent Premcor and Valero at all. The Underlying Actions did not settle at the mediation.

29. Maryland Casualty's aforesaid actions, as well as its continuing refusal to protect Premcor and Valero as its insureds, were committed in knowing and/or reckless disregard of the rights of Premcor and Valero, are without any clear and reasonable justification, and are made in bad faith.

## FIRST COUNT

30. Plaintiffs Premcor and Valero incorporate the preceding paragraphs of this Amended Complaint as if restated herein at length.

31.   Plaintiffs seek a declaration of the rights and obligations of Plaintiffs and AGLIC under the AGLIC Umbrella Policy.

32.   An actual controversy exists between Plaintiffs and AGLIC as to their rights and obligations under the AGLIC Umbrella Policy.

**WHEREFORE**, Plaintiffs The Premcor Refining Group Inc. and Valero Energy Corporation demand judgment against Defendant American Guarantee & Liability Insurance Company as follows:

1)   A declaratory judgment that defendant AGLIC owes a duty to fully indemnify Plaintiffs (and defend if the underlying insurance is exhausted) under the AGLIC Umbrella Policy for its share of the settlements or judgments paid in the Underlying Actions, including but not limited to compensatory damages and punitive damages;

2)   An award of all attorneys' fees and expenses incurred in the prosecution of this lawsuit and any other relief as this Court deems just and appropriate.

## SECOND COUNT

33.   Plaintiffs Premcor and Valero incorporate the preceding paragraphs of this Amended Complaint as if restated herein at length.

34.   Plaintiffs seek a declaration of the rights and obligations of Plaintiffs and Maryland Casualty under the Maryland Casualty Policy.

35.   An actual controversy exists between Plaintiffs and Maryland Casualty as to their rights and obligations under the Maryland Casualty Policy.

**WHEREFORE**, Plaintiffs The Premcor Refining Group Inc. and Valero Energy Corporation demand judgment against Defendant Maryland Casualty Company as follows:

1) A declaratory judgment that defendant Maryland Casualty owes a duty to fully defend Plaintiffs under the Maryland Casualty Policy against the Underlying Actions and to indemnify Plaintiffs under the Maryland Casualty Policy for settlements or judgments paid in the Underlying Actions, including but not limited to compensatory damages and punitive damages;

2) An award of all attorneys' fees and expenses incurred in the prosecution of this lawsuit and any other relief as this Court deems just and appropriate.

## THIRD COUNT

36. Plaintiffs Premcor and Valero incorporate the preceding paragraphs of this Amended Complaint as if restated herein at length.

37. The aforesaid actions and refusals of Maryland Casualty to protect its insureds, Premcor and Valero, were committed in knowing and/or reckless disregard of the rights of Premcor and Valero. In engaging in such misconduct, Maryland Casualty has wrongfully denied Premcor and Valero a defense and also has jeopardized them.

38. Such actions constitute violation of Maryland Casualty's implied covenant of good faith and fair dealing and are done in bad faith.

**WHEREFORE**, Plaintiffs The Premcor Refining Group Inc. and Valero Energy Corporation demand judgment against Defendant Maryland Casualty Company as follows:

1)  A declaratory judgment that defendant Maryland Casualty has violated its duty of good faith and fair dealing and has acted in bad faith towards its insureds Premcor and Valero in connection with the defense and indemnification of the Underlying Actions;

2)  An award of compensatory damages, punitive damages, exemplary damages, all attorneys' fees and expenses incurred in the prosecution of this lawsuit, interest and any other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs The Premcor Refining Group Inc. and Valero Energy Corporation hereby demand a trial by jury as to all issues raised in the within action.

Dated: June 28, 2007

By: _____
William M. Kelleher, Esquire (No. 3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801-3034
Phone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: kelleherw@ballardspahr.com

Attorneys for Plaintiffs The Premcor Refining Group Inc. and Valero Energy Corporation

Of Counsel:

Douglas Y. Christian
Joshua A. Mooney
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

**EXHIBIT 1**

March 27, 2006

Mr. Paul Jenkins
Ballard Spahr
Plaza 1000, Suite 500
Main Street
Voorhees, NJ 08043-4636

    Re:    Our Insured:    Pro Tech Engineering
            Your Client:    Valero/Premcor
            Litigation:    Vitanza v. Valero/Ferguson v. Valero
            Claim No.:    585-0026448
            Policy:    PPS 38528528
            Effective Date:    7/23/05

Dear Mr. Jenkins:

This letter serves as follow-up to your letters dated March 7 & March 9, 2006 for the above-referenced matters. I will be handling this matter on behalf of Maryland Casualty Company.

After review of the information provided, Zurich cannot participate, at this time, in the defense or indemnification of Valero/Premcor in the above referenced matter.

Based upon review of the policy documents and the information provided to us, Valero/Premcor does not qualify as an additional insured under the policies issued to Pro Tech Engineering, Inc. Should you have additional information that you might have to warrant additional insured status for Valero/Premcor for my review please forward that to me.

Nothing in this letter nor action taken by Zurich to investigate and gather information relevant to this matter should be construed as an admission of coverage or as a waiver of any policy defenses it may have available to it under any and all relevant insurance policies issued to Pro Tech Engineering, Inc.

Sincerely,
Maryland Casualty Company


Daniel S. Wilmer
Environmental Claims Specialist

EXHIBIT 2

**Semus, Mary (Phila)**

| | |
|---|---|
| From: | Jenkins, Paul F. (VH) |
| Sent: | Wednesday, June 27, 2007 9:25 AM |
| To: | Christian, Douglas (Phila) |
| Subject: | FW: Ferguson/Lattanzi |

```
-----Original Message-----
From: Jenkins, Paul F. (VH)
Sent: Wednesday, March 29, 2006 6:02 PM
To: 'Daniel Wilmer'
Subject: RE: Ferguson/Lattanzi

Mr. Wilmer:

I am writing to request a complete copy (with endorsements) of the
liability insurance policy at issue, which is referenced on the Certificate
of Insurance I previously forwarded.  The Certificate identifies the
carrier as "Zurich Insurance Company," but from your letter yesterday I
understand that the carrier is Maryland Casualty Company.  Your letter
identifies the policy number as PPS 38528528.

Please call if you would like to discuss (856) 873-5523.

-----Original Message-----
From: Daniel Wilmer [mailto:daniel.wilmer@zurichna.com]
Sent: Tuesday, March 28, 2006 11:17 AM
To: Jenkins, Paul F. (VH)
Subject: Re: Ferguson/Lattanzi

Mr. Jenkins,

Per my voicemail earlier today here is the letter that I am mailing today.

Thanks,
Dan Wilmer

(See attached file: AIltrtovalero5850026448.doc)
```

****************** PLEASE NOTE ****************** This E-Mail/telefax
message and any documents accompanying this transmission may contain
privileged and/or confidential information and is intended solely for the
addressee(s) named above.  If you are not the intended addressee/recipient,
you are hereby notified that any use of, disclosure, copying, distribution,
or reliance on the contents of this E-Mail/telefax information is strictly
prohibited and may result in legal action against you. Please reply to the
sender advising of the error in transmission and immediately delete/destroy
the message and any accompanying documents.  Thank you.

**EXHIBIT 3**

Case 1:07-cv-00375-JJF-MPT   Document 6-4   Filed 06/28/2007   Page 1 of 3

## Christian, Douglas (Phila)

| | |
|---|---|
| From: | Daniel Wilmer [daniel.wilmer@zurichna.com] |
| Sent: | Friday, June 22, 2007 11:51 AM |
| To: | Christian, Douglas (Phila) |
| Cc: | Erika Lewis; jmarlin@mooclaw.com |
| Subject: | Re: Ferguson and Vitanza v. Premcor and Valero/Your file # 585-0026448 |

Mr. Christian,

I have reviewed your letter. I respectfully disagree that Section II, Paragraph 2.e. affords coverage to Valero and/or Premcor. This section requires that the liability arise out of Pro Tech's work or Pro Tech's operations. The liability of Premcor and/or Valero for this loss does not arise out of Pro Tech's operations or Pro Tech's work.

To clarify Jeff Marlin will attend the mediation and I will participate by phone.

Thanks,
Dan Wilmer


```
              "Christian,
              Douglas
              \(Phila\)"
              <ChristianD@balla                                              To
              rdspahr.com>          <daniel.wilmer@zurichna.com>
                                                                             cc
              06/21/2007 02:39                                           Subject
              PM                    Ferguson and Vitanza v. Premcor and
                                    Valero/Your file # 585-0026448
```

Mr. Wilmer:
        As time is of the esence regarding the subject of this letter, please confirm receipt as soon as you get this. Thank you.

Doug Christian

<<Letter to Daniel S. Wilmer.PDF>>
Douglas Y. Christian
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Direct Phone:  215-864-8404
Direct Fax: 215-864-9206
Email:  christiand@ballardspahr.com
http://www.ballardspahr.com

1

***************** PLEASE NOTE ****************** This E-Mail/telefax message and any documents accompanying this transmission may contain privileged and/or confidential information and is intended solely for the addressee(s) named above. If you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution, or reliance on the contents of this E-Mail/telefax information is strictly prohibited and may result in legal action against you. Please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. Thank you.

## CERTIFICATE OF SERVICE

I, William M. Kelleher, do hereby certify that copies of the attached documents were served by hand on the following this 28th day of June, 2007:

America Guarantee & Liability Insurance Company
c/o Insurance Commissioner of Delaware
841 Silver Lake Boulevard
Dover, DE 19904

                                      BALLARD SPAHR ANDREWS &
                                      INGERSOLL, LLP

                                      /s/ William M. Kelleher
                                      William M. Kelleher, Esquire (No. 3961)