IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PREMCOR REFINING GROUP, INC. and VALERO ENERGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY and MARYLAND CASUALTY COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 07-375<br><br>JURY TRIAL DEMANDED |

### DEFENDANT AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant American Guarantee & Liability Company ("AGLIC"), by counsel, for its answer to Plaintiffs' Amended Complaint states as follows:

### PARTIES

1. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and on that basis denies the same.

2. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies the same.

3. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and on that basis denies the same.

4. AGLIC admits the allegations of paragraph 4.

5. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and on that basis denies the same.

### JURISDICTION AND VENUE

6. Paragraph 6 contains conclusions of law that require no response.

7. Paragraph 7 contains conclusions of law that require no response.

8. Paragraph 8 contains conclusions of law that require no response.

## FACTS

9. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and on that basis denies the same.

10. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and on that basis denies the same.

11. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies the same.

12. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies the same.

13. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and on that basis denies the same.

## INSURANCE ALLEGATIONS

14. AGLIC admits that it issued to Valero Energy Corporation ("Valero") Commercial Umbrella Policy No. AUC 291 2449 05, with a policy period of May 1, 2005 to May 1, 2006 ("AGLIC Umbrella Policy"). AGLIC further states that AGLIC Umbrella Policy is a document in writing that speaks for itself. To the extent that the remaining allegations of paragraph 14 differ from the express language of the AGLIC Umbrella Policy, AGLIC denies them.

15. With respect to the first sentence of paragraph 15, AGLIC admits that Valero provided notice to AGLIC under the AGLIC Umbrella Policy in connection with the "Underlying Actions" as that term is defined in the Amended Complaint. With respect to the second sentence of paragraph 15, AGLIC admits that on May 14, 2007, it sent Valero a reservation of rights letter identifying certain policy provisions and exclusions that may preclude coverage and stating that that it was investigating its potential obligation to provide coverage for defense and any liability arising out of the Underlying Actions ("AGLIC ROR Letter"). AGLIC further states that the AGLIC ROR Letter is a document in writing that speaks for itself, and to the extent that the allegations in the second sentence of paragraph 15 differ from the express

language of the AGLIC ROR Letter, AGLIC denies them. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and on that basis denies the same.

16. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, which are directed to Defendant Maryland Casualty Company ("Maryland Casualty"), and on that basis denies the same.

17. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, which are directed to Maryland Casualty, and on that basis denies the same.

18. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, which are directed to Maryland Casualty, and on that basis denies the same.

19. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, which are directed to Maryland Casualty, and on that basis denies the same.

20. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, which are directed to Maryland Casualty, and on that basis denies the same.

21. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, which are directed to Maryland Casualty, and on that basis denies the same.

22. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, which are directed to Maryland Casualty, and on that basis denies the same.

23. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, which are directed to Maryland Casualty, and on that basis denies the same.

24. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, which are directed to Maryland Casualty, and on that basis denies the same.

25. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, which are directed to Maryland Casualty, and on that basis denies the same.

26. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, which are directed to Maryland Casualty, and on that basis denies the same.

27. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, which are directed to Maryland Casualty, and on that basis denies the same.

28. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, which are directed to Maryland Casualty, and on that basis denies the same.

29. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, which are directed to Maryland Casualty, and on that basis denies the same.

## FIRST COUNT

30. AGLIC incorporates by reference its responses to paragraphs 1-29 of the Amended Complaint as if fully set forth herein.

31. AGLIC admits that Plaintiffs purport to seek a declaration of the rights and obligations of Plaintiffs and AGLIC under the AGLIC Umbrella Policy.

32. Paragraph 32 contains conclusions of law that require no response.

## SECOND COUNT

33. AGLIC incorporates by reference its responses to paragraphs 1-32 of the Amended Complaint as if fully set forth herein.

34. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, which are directed to Maryland Casualty, and on that basis denies the same.

35. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, which are directed to Maryland Casualty, and on that basis denies the same.

### THIRD COUNT

36. AGLIC incorporates by reference its responses to paragraphs 1-35 of the Amended Complaint as if fully set forth herein.

37. AGLIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, which are directed to Maryland Casualty, and on that basis denies the same.

38. AGLIC l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, which are directed to Maryland Casualty, and on that basis denies the same.

### RESPONSE TO ALL PARAGRAPHS OF AMENDED COMPLAINT

AGLIC denies each and every allegation in the Amended Complaint except as expressly admitted or otherwise stated above.

### AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to AGLIC's right to plead additional defenses as discovery into the facts of this matter warrants, AGLIC hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against AGLIC for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against AGLIC are barred, in whole or in part, by applicable terms, conditions, exclusions and endorsements in the AGLIC Umbrella Policy and/or any underlying insurance policy to which the AGLIC Umbrella Policy follows form.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against AGLIC are barred due to their failure to comply with all conditions precedent to coverage under the AGLIC Umbrella Policy.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against AGLIC are barred to the extent they seek recovery in excess of the policy limits of the AGLIC Umbrella Policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against AGLIC are barred, in whole or in part, because Plaintiffs failed to mitigate their alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed as to AGLIC because AGLIC has followed and complied with, and continues to follow and comply with, the terms and conditions of the AGLIC Umbrella Policy.

## SEVENTH AFFIRMATIVE DEFENSE

AGLIC's liability under the AGLIC Umbrella Policy is limited to the extent that Plaintiffs' primary policies have the duty to defend and indemnify Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

AGLIC's liability under the AGLIC Umbrella Policy is limited by the policy's "other insurance" clause.

## PRAYER FOR RELIEF

WHEREFORE, American Guarantee & Liability Insurance Company respectfully prays that the court:

(a)     Dismiss Plaintiff's Complaint against AGLIC;

(b)     Award such other any further relief as the court deems just and proper.


TYBOUT, REDFEARN & PELL

/s/   B. Wilson Redfearn

BY:_____
B. WILSON REDFEARN, ESQUIRE, #173
ROBERT M. GREENBERG, ESQUIRE, #4407
Attorney for Defendant
750 South Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901