IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PREMCOR REFINING GROUP, INC. and VALERO ENERGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY and MARYLAND CASUALTY COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 07-375<br><br>JURY TRIAL DEMANDED |

## DEFENDANT MARYLAND CASUALTY COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Maryland Casualty Company ("Maryland Casualty"), by counsel, for its answer to Plaintiffs' Amended Complaint states as follows:

### PARTIES

1. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and on that basis denies the same.

2. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies the same.

3. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and on that basis denies the same.

4. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis denies the same.

5. Maryland Casualty admits the allegations of paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 contains conclusions of law that require no response.

7. Paragraph 7 contains conclusions of law that require no response.

8. Paragraph 8 contains conclusions of law that require no response.

## FACTS

9. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and on that basis denies the same.

10. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and on that basis denies the same.

11. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies the same.

12. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies the same.

13. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and on that basis denies the same.

## INSURANCE ALLEGATIONS

14. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, which are directed to Defendant American Guarantee & Liability Insurance Company ("AGLIC"), and on that basis denies the same.

15. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, which are directed to AGLIC, and on that basis denies the same.

16. With respect to the first sentence of paragraph 16, Maryland Casualty admits that it issued to Pro Tech Engineering, Inc. ("Pro Tech") a Precision Portfolio Policy, Policy No. PPS 38528528 (the "Maryland Casualty Policy"). Maryland Casualty further states that the Maryland Casualty Policy is a document in writing that speaks for itself. To the extent that the remaining

allegations of the first sentence of paragraph 16 differ from the express language of the Maryland Casualty Policy, Maryland Casualty denies them. With respect to the second sentence of paragraph 16, Maryland Casualty admits that it is defending Pro Tech, pursuant to a reservation of rights, in the following matter instituted by Plaintiffs on or about March 15, 2007, against Pro Tech and others: *The Premcor Refining Group Inc. and Valero Energy Corp. v. Matrix Service Industrial Contractors, Inc. et al.*, No. 07C-01-095 (JOH) (Del. Super. Ct.) (the "Matrix Litigation"). The remaining allegations of the second sentence of paragraph 16 are denied.

17. Maryland Casualty states that the Maryland Casualty Policy is a document in writing that speaks for itself. To the extent that the allegations of paragraph 17 differ from the express language of the Maryland Casualty Policy, Maryland Casualty denies them.

18. Maryland Casualty states that the Pro-Tech Contract as that term is defined in the Amended Complaint is a document in writing that speaks for itself. To the extent that the allegations of paragraph 18 differ from the express language of the Pro Tech Contract, Maryland Casualty denies them.

19. Maryland Casualty states that the Maryland Casualty Policy is a document in writing that speaks for itself. To the extent that the allegations of paragraph 19 differ from the express language of the Maryland Casualty Policy, Maryland Casualty denies them.

20. Maryland Casualty admits that Plaintiffs have demanded defense and indemnification under the Maryland Casualty Policy. Maryland Casualty also states that the March 27, 2006 letter referenced in paragraph 20 is a document in writing that speaks for itself. Maryland Casualty denies the remaining allegations of paragraph 20.

21. Maryland Casualty states that the e-mail referenced in paragraph 21 is a document in writing that speaks for itself. Maryland Casualty admits that it provided a copy of the Maryland Casualty Policy to Plaintiffs. Maryland Casualty denies the remaining allegations of paragraph 21.

22. Maryland Casualty denies the allegations of paragraph 22.

23. Maryland Casualty admits that it provided a copy of the Maryland Casualty Policy to Plaintiffs. Maryland Casualty further states that the Maryland Casualty Policy is a document in writing that speaks for itself. Maryland Casualty denies the remaining allegations of paragraph 23.

24. Maryland Casualty admits that Plaintiffs' counsel sent a letter dated June 21, 2007, to Maryland Casualty that contained various demands and cited various provisions of the Maryland Casualty Policy, including Section II, subsections 2(e) and 2(f). Maryland Casualty further states that the Maryland Casualty Policy is a document in writing that speaks for itself. Maryland Casualty denies the remaining allegations of paragraph 24.

25. Maryland Casualty admits that Plaintiffs requested that Maryland Casualty attend and participate in the mediation of the Underlying Actions scheduled for June 25-26, 2007. Maryland Casualty denies the remaining allegations of paragraph 25.

26. Maryland Casualty states that the June 22, 2007 e-mail referenced in paragraph 26 is a document in writing that speaks for itself. Maryland Casualty admits that Jeff Marlin was hired to represent Pro Tech in connection with the Matrix Litigation. Maryland Casualty denies the remaining allegations of paragraph 26.

27. Maryland Casualty states that the June 22, 2007 e-mail referenced in paragraph 27 is a document in writing that speaks for itself. Maryland Casualty admits that as part of the June 22, 2007 email referenced in paragraph 27, Plaintiffs provided information purportedly excerpted from their June 2007 mediation submission concerning Pro Tech's alleged liability for the events at issue in the Underlying Actions. Maryland Casualty denies the remaining allegations of paragraph 27.

28. Maryland Casualty admits that no employee of Maryland Casualty personally attended the mediation of the Underlying Actions held on June 25, 2007. Maryland Casualty further admits, upon information and belief, that the Underlying Actions did not settle at the mediation. Maryland Casualty denies the remaining allegations of paragraph 28 of the Amended Complaint.

29. Paragraph 29 sets forth Plaintiffs' legal theories as to Maryland Casualty and contains conclusions of law that require no response. To the extent that a response is required, Maryland Casualty denies the allegations of paragraph 29.

### FIRST COUNT

30. Maryland Casualty incorporates by reference its responses to paragraphs 1-29 of the Amended Complaint as if fully set forth herein.

31. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, which are directed to AGLIC, and on that basis denies the same.

32. Maryland Casualty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, which are directed to AGLIC, and on that basis denies the same.

### SECOND COUNT

33. Maryland Casualty incorporates by reference its responses to paragraphs 1-32 of the Amended Complaint as if fully set forth herein.

34. Maryland Casualty admits that Plaintiffs purport to seek a declaration of the rights and obligations of Plaintiffs and Maryland Casualty under the Maryland Casualty Policy.

35. Paragraph 35 contains conclusions of law that require no response.

### THIRD COUNT

36. Maryland Casualty incorporates by reference its responses to paragraphs 1-35 of the Amended Complaint as if fully set forth herein.

37. Paragraph 37 sets forth Plaintiffs' legal theories as to Maryland Casualty and contains conclusions of law that require no response. To the extent that a response is required, Maryland Casualty denies the allegations of paragraph 37.

38. Paragraph 38 sets forth Plaintiffs' legal theories as to Maryland Casualty and contains conclusions of law that require no response. To the extent that a response is required, Maryland Casualty denies the allegations of paragraph 38.

## RESPONSE TO ALL PARAGRAPHS OF AMENDED COMPLAINT

Maryland Casualty denies each and every allegation in the Amended Complaint except as expressly admitted or otherwise stated above.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to Maryland Casualty's right to plead additional defenses as discovery into the facts of this matter warrants, Maryland Casualty hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Maryland Casualty for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Maryland Casualty are barred, in whole or in part, by applicable terms, conditions, exclusions and endorsements in the Maryland Casualty Policy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Maryland Casualty are barred due to their failure to comply with all conditions precedent to coverage under the Maryland Casualty Policy.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Maryland Casualty are barred to the extent they seek recovery in excess of the policy limits of the Maryland Casualty Policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Maryland Casualty are barred, in whole or in part, because Plaintiffs failed to mitigate their alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed as to Maryland Casualty because Maryland Casualty has followed and complied with, and continues to follow and comply with, the terms and conditions of the Maryland Casualty Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Maryland Casualty's liability under Maryland Casualty Policy is limited to the extent that other insurance policies issued to Plaintiffs have the duty to defend and indemnify Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Maryland Casualty's liability under the Maryland Casualty Policy is limited by the policy's "other insurance" clause.

## PRAYER FOR RELIEF

WHEREFORE, Maryland Casualty Company respectfully prays that the court:

(a)   Dismiss Plaintiff's Complaint against Maryland Casualty;

(b)   Award such other any further relief as the court deems just and proper.

TYBOUT, REDFEARN & PELL

/s/   B. Wilson Redfearn

BY:_____
B. WILSON REDFEARN, ESQUIRE, #173
ROBERT M. GREENBERG, ESQUIRE, #4407
Attorney for Defendant
750 South Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899
(302) 658-6901

ATLANTA:4928166.1